UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:10-144-KKC

DARRICK MULLINS and BRIAN TACKETT,                                          PLAINTIFFS,

v.                                    **OPINION AND ORDER**

RICKY BURKE,
BOB BENTLEY *d/b/a Bob Bentley Trucking,*
WILLIAM BENTLEY *d/b/a as Backwoods Boys
Trucking*, LANDMARK MINING COMPANY, INC., and
LIBERTY MUTUAL INSURANCE COMPANY,                                           DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Remand [DE 3] filed by the Plaintiffs. For the following reasons, the motion will be granted.

The Plaintiffs originally filed this action in Pike Circuit Court. In a Fourth Amended Complaint filed in state court on July 26, 2010, the named Defendants were Ricky Burke, Bob Bentley d/b/a Bob Bentley Trucking, William Bentley d/b/a Backwoods Boys Trucking, Landmark Mining Company, Inc., and Liberty Mutual Insurance Company.

There is no dispute that the Plaintiffs are residents of Kentucky. All of the Defendants except for Liberty Mutual are also residents of Kentucky. Liberty Mutual is a resident of Massachusetts.

In their Complaint, the Plaintiffs alleged that they were passengers in a vehicle driven by Brandi Puett who is not a party to this action. They further allege that the Defendant Ricky Burke was operating a tractor-trailer owned by Defendant Bob Bentley d/b/a Bentley Trucking ("Bentley Trucking") and that Burke negligently struck the vehicle driven by Puett causing injury to the Plaintiffs.

The Plaintiffs allege that the tractor-trailer was hauling coal for Defendant Landmark Mining Company in excess of the legal weight limits under state and federal law. They further allege that Bentley and Burke were subcontractors of the Defendant William Bentley d/b/a Backwoods Boys Trucking ("Backwoods Boys"). The Plaintiffs assert negligence claims against Burke, Bentley Trucking, Backwoods Boys, and Landmark Mining.

As to the Defendant Liberty Mutual, the Plaintiffs allege that it insured Bentley Trucking and Backwood Boys but that it has denied coverage for the collision. The Plaintiffs assert four claims against Liberty Mutual.

First, they assert Liberty Mutual was negligent for failing to issue an endorsement to the insurance policy covering Bentley Trucking that would have required Liberty Mutual to provide coverage for the collision regardless of whether the vehicle was set forth in the policy declarations and that it therefore is obligated to pay any judgment obtained against Burke or Bentley Trucking. (Count XIV).

Second, the Plaintiffs assert a statutory bad faith claim against Liberty Mutual under the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230 for failing to accept coverage under the policy issued to Bentley Trucking. (Count XV).

Third, the Plaintiffs assert Liberty Mutual was negligent for failing to issue an endorsement to the insurance policy covering Backwoods Boys that would have required Liberty Mutual to provide coverage for the collision regardless of whether the vehicle was set forth in the policy declarations and that it therefore is obligated to pay any judgment obtained against Burke or Backwoods Boys. (Count XVI).

Fourth, the Plaintiffs assert tassert a statutory bad faith claim against Liberty Mutual under

the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230 for failing to accept coverage under the policy issued to Backwoods Boys. (Count XVII).

Liberty Mutual removed the action to this Court. In the caption on its Notice of Removal, however, Liberty Mutual indicates it is the only Defendant in this action. It asserts that the state court granted its motion to sever the claims against it from the claims asserted against the other Defendants. Liberty Mutual further asserts that, upon severance of the claims against it from the claims against the other non-diverse Defendants, this action became removable under 28 U.S.C. § 1441 and that this Court has jurisdiction under 28 U.S.C. § 1332 which provides that this Court has original jurisdiction over any action between citizens of different states where the amount in controversy exceeds $75,000.

In their motion to remand, the Plaintiffs assert that the state court did not actually *sever* the claims against Liberty Mutual from the claims against the other Defendants. Instead, the Plaintiffs assert that the state court bifurcated the trial on the Plaintiffs' two bad faith claims against Liberty Mutual from the other claims.

The Plaintiffs attach the state court order which states:

1. The bad faith claim is BIFURCATED form the rest of the claims in this Action for trial purposes. However, discovery may proceed on the bad faith claim.

2. Discovery may proceed on the contract claim. However, the Motion to Bifurcate this claim is PASSED at this time.

Thus, it appears that the Plaintiffs are correct and the state court only bifurcated the trial on the bad faith claim against Liberty Mutual. The state court did not sever the Plaintiff's claims against Liberty Mutual into a separate case. Accordingly, this action is not removable. *See Phillips v.*

3

*Unijax, Inc.*, 625 F.2d 54, 56 (5th Cir. 1980); *Miller v. Fulton*, 113 F.Supp.2d 1035, 1039 (S.D. Miss. 2000).

Accordingly, the Court hereby ORDERS that the Motion to Remand [DE 7] is GRANTED.

Dated this 9th day of March, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge